**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIKE WOODS,**

           **Plaintiff,**

**-vs-**                                              **Case No.  6:13-cv-726-Orl-19DAB**

**ON BALDWIN POND, LLC, DANIEL**
**PELLI, individually,**

           **Defendants.**
_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **FIRST MOTION FOR SUMMARY JUDGMENT (Doc. No. 32)** |
| **FILED:** | February 5, 2014 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **MOTION IN LIMINE (Doc. No. 56)** |
| **FILED:** | May 14, 2014 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT (Doc. No. 57)** |
| **FILED:** | May 14, 2014 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

> **MOTION:** **MOTION TO EXTEND TIME TO MEET TO PREPARE JOINT PRETRIAL STATEMENT (Doc. No. 70)**
>
> **FILED:** June 13, 2014
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**. The parties are **ordered** to meet as soon as possible and prepare the statement **for timely filing.** *See* **Doc. 25.**

*Introduction*

The matter presents with several motions in this Fair Labor Standards Act ("FLSA") case. As set forth in prior Order (Doc. 17), Mike Woods ("Plaintiff") initiated this action against Defendants On Baldwin Pond, LLC ("OBP") and Daniel Pelli ("Pelli") (collectively "Defendants") (Doc. No. 1), alleging that Defendants "owned and operated a multiple rental apartment/condominium building in Orlando, Florida, comprised primarily of units that had 2 bedrooms and 2 bathrooms each." (*Id.* ¶ 14.) Plaintiff claims that, in September 2010, Defendants hired him "to work as a non-exempt maintenance employee." (*Id.* ¶ 28.) Plaintiff alleges that "[f]rom at least September of 2010, and continuing through January 7, 2013, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week." (*Id.* ¶ 30.) Plaintiff further alleges that Defendants failed to pay him at all for his final week of work and that Defendants failed to maintain proper time records. (*Id.* ¶¶ 32, 33.) Based on these allegations, Plaintiff asserts the following claims for relief: (1) violation of the Fair Labor Standards Act ("FLSA") overtime provision, 29 U.S.C. § 207 ("Count I"); (2) violation of the FLSA minimum wage provision, 29 U.S.C. § 206 ("Count II"); and (3) declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring the acts and practices complained of are in violation of the minimum wage and maximum hour provisions of the FLSA ("Count III").

Defendants filed their answer to the Complaint, and asserted affirmative defenses as well as a counterclaim (Doc. No. 8.) According to the allegations in the counterclaim, "[a] portion of

Plaintiff's compensation from Defendants was a reduction in his monthly rent in the apartment that he lives in and is owned by Defendants." (Doc. No. 8 at 10.) Defendants allege that in November 2010, Plaintiff signed a lease agreement and a Concession Addendum with Defendants that "entitled Plaintiff to a rent reduction." (*Id.*) Defendants further allege that the Concession Addendum provided that Plaintiff was entitled to a rent reduction "only while he was employed by Defendants." (*Id.*) According to Defendants, Plaintiff requested a new, written lease agreement with a discounted rent in January 2013 and represented to Defendants that Plaintiff planned on continuing to work for Defendants. (*Id.* at 11.) Defendants allege that Plaintiff signed a new lease agreement on January 4, 2013 with a discounted rent, but immediately thereafter terminated his employment with Defendants. (*Id.*) Defendants further allege that the market rent for Plaintiff's apartment at the time was $995.00 per month, and Plaintiff's discounted rent was $400.00 per month. (*Id.*) Based on these allegations, Defendants assert a counterclaim against Plaintiff for fraudulent inducement and seek a "money judgment representing the difference between the fair value of Plaintiff's apartment and the amount of discounted rent Plaintiff has paid, since January 1, 2013," along with attorney's fees, costs, and punitive damages. (*Id.* at 12.)

Following an unsuccessful motion to dismiss the counterclaim, Plaintiff answered it, and asserted several affirmative defenses, including that "Defendants' claim is barred because Defendants attempt to perpetrate a fraud on the Court." (Doc. 18). The matter proceeded to contentious discovery and presents now for consideration on dueling motions for summary judgment, a motion *in limine*, and a motion for extension of time. The Court denies the motion for extension of time and turns to the summary judgment motions and motion *in limine* below.

*I. The Summary Judgment Motions*

**Legal Standard**

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Harrison v. Culliver*, 746 F.3d 1288, 1297 -1298 (11th Cir. 2014), *citing Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets this burden, the burden shifts to the non-moving party to "go beyond the pleadings," meaning that the non-movant must either (i) present specific evidence showing that there is a genuine issue of material fact; or (ii) show by other means that the moving party is not entitled to judgment as a matter of law. *Id.* at 324–26. In reviewing the record evidence, "the Court may not undertake the jury's function of weighing the evidence properly offered by the parties." *Gordilis v. Ocean Drive Limousines, Inc*. , No. 12–cv–24358–JLK, 2014 WL 2214274, *1 (S.D. Fla. May 28, 2014), *citing Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1237 (11th Cir.2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

**Discussion**

Defendants were first out of the gate, seeking judgement based on an assertion that "Plaintiff's deposition testimony was obstructionistic and scant, and failed to make a *prima facie* case for an

FLSA overtime claim, or failure to pay for his last week of work."(Doc. 32, p. 11). Defendants also argued that Plaintiff "has no claim for unpaid compensation because Defendants provided Plaintiff with sufficient extra compensation, though not specifically directed, but sufficient to offset any alleged deficiency in compensation." *Id.* Finally, Defendants contend that the willfulness allegations are too conclusory. *Id.* As support for the motion, Defendants offer Pelli's Affidavit (Doc. 32-1), and the Deposition of Woods (Doc. 33).

Plaintiff's response to the motion (Doc. 43) includes his Declaration and Declarations of his co-workers (Docs. 43-1 to 43-3), which present facts to support his claim that he regularly worked overtime. Among other arguments, Plaintiff contends that "issues of fact clearly preclude summary judgment here." *Id.,* p. 43. Defendants filed a Reply to Plaintiff's Response (Doc. 44), attacking the Declarations on the merits ("sham declarations") and going as far as to claim one as being an "absurd fabrication." *Id.*

For his part, and despite his assertion that issues of fact "clearly preclude summary judgment," Plaintiff filed his own motion for summary judgment (Doc. 57), attaching a host of exhibits. Plaintiff contends that, as Defendants failed to keep accurate time records, the estimates presented by Plaintiff establish his claim. In response, Defendants contend that "there is clearly a material dispute as the amount of hours Plaintiff worked." (Doc. 59, p. 4). Defendants have supplemented their response by including, among other things, exhibits of cell phone records and banking transactions records received from third party providers, as well as records from Plaintiff's subsequent employer (Docs. 63-69).

As is clear from even the most cursory review of the papers, Plaintiff's assertion that issues of fact preclude summary judgment and Defendants' assertion that there is a material dispute as to the amount of hours Plaintiff worked are both correct. Indeed, the papers show that almost *every* material fact in this case is disputed. *Compare e.g.,* Doc. 57, pp. 2-10 with Doc. 59, pp. 5-9. As the amount of hours Plaintiff worked is the very crux of the case and both sides agree that there are material

factual disputes present, summary judgment for either side is inappropriate. It is therefore **respectfully recommended** that the motions for summary judgment be denied.

*II. Motion in Limine*

As for the motion in limine, as Judge Presnell has observed:

> A motion in limine seeks a protective order prohibiting the opposing party, counsel, and witnesses from offering offending evidence at trial, or even mentioning it at trial, without first having its admissibility determined outside the presence of the jury. 75 Am.Jur.2d Trial § 39 (2008). A motion in limine may be proper where the evidence at issue is highly prejudicial or inflammatory; where the evidentiary issue is significant and unresolved under existing law; where the issue involves a significant number of witnesses or volume of material, making it more economical to have it resolved prior to trial; or where the movant does not wish to object in the presence of the jury. *Id.* Motions in limine are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial. *Stewart v. Hooters of America, Inc.,* 2007 WL 1752843 at *1 (M.D.Fla.2007). Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.*

*Mee Industries v. Dow Chemical Co.,* No. 05-cv-1520, 2008 WL 874836, *1 (M.D. Fla. Mar. 27, 2008); *see also Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 07 cv 16, 2011 WL 470561, at *2 (M.D. Fla. Feb.2, 2011) (a court excludes evidence in limine "only when evidence is clearly inadmissible on all potential grounds.").

Here, this standard is not met. Plaintiff seeks an order prohibiting Defendants from offering into evidence testimony and exhibits issued in response to Defendants' subpoenas to (1) Bonded Filter, Inc., (2) JP Morgan Chase, Inc., and (3) Yahoo! Inc.. The Court has previously dealt with Plaintiff's objections to the subpoenas at issue (Docs. 42 and 49), denying a request to quash the subpoenas directed to Plaintiff's bank and email provider. To the extent the instant motion raises the same grounds found to be unpersuasive earlier, the Court sees no reason to revisit that ruling. As for the subpoena served on Plaintiff's current employer without notice to Plaintiff, the Court finds no basis has been articulated to support Plaintiff's claim that the evidence is "unduly prejudicial." As the Court does not find the evidence to be "clearly inadmissable," the motion *in limine* should not be granted. Final ruling on the admissibility of this evidence should be made in the context of trial.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended and Ordered in Orlando, Florida on June 17, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy