# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIKE WOODS,**

            **Plaintiff,**

**-vs-**                                                **Case No. 6:13-cv-726-Orl-41DAB**

**ON BALDWIN POND, LLC, DANIEL PELLI, individually,**

            **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR DANIEL PELLI TO APPEAR PRO HAC VICE (Doc. No. 131)** |
| **FILED:** | November 19, 2014 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR CHARLES M. GREENE TO WITHDRAW AS ATTORNEY BY ALL DEFENDANTS (Doc. No. 132)** |
| **FILED:** | November 20, 2014 |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant Daniel Pelli, Esq., who has previously appeared specially in this matter, seeks to appear once again *pro hac vice* as "co-counsel for Defendants." In view of the difficulties the Court encountered with Mr. Pelli's prior appearance as counsel in this matter and in view of the appearance

of existing counsel[1] and the Court's concerns regarding his qualifications for *pro hac vice* admission (as explained herein), the request is **denied.**

"It is well-settled that federal courts have wide discretion in granting admission to practice pro hac vice." *Kohlmayer v. Nat'l R.R. Passenger Corp.*, 124 F. Supp. 2d 877, 879 (D.N.J. 2000). While it is true that there is a constitutionally based right to counsel of choice, it is also well established that the right is not absolute. *In re BellSouth Corp.*, 334 F.3d 941, 955 (11th Cir. 2003), *citing Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). "A litigant's freedom to hire the lawyer of his choice can be overridden if a court finds that the choice would interfere with the orderly administration of justice." *In re BellSouth Corp.*, 334 F.3d at 956.

The privilege of special admission pursuant to the local rules of this Court is available, upon compliance with certain conditions, to any non-resident attorney "who is a member in good standing of the bar of any District Court of the United States, outside Florida." Local Rule 2.02(a).[2] Special admission to the Bar of this District Court requires an attorney to certify that he has read the local rules, and "any attorney who appears specially in this Court . . . shall be deemed to be familiar with, and shall be governed by, these rules . . . " L. R. 2.02 (c). The docket reveals that, upon being granted special admission to appear in this matter, Mr. Pelli displayed a consistent lack of knowledge regarding these rules, and his non-compliance led to delays and disruption of the orderly administration of justice.

---

[1] A Notice of Appearance has been filed by Charles G. Moody, Jr., noting his appearance as "counsel on behalf of Defendants ON BALDWIN POND, LLC and DANIEL PELLI." (Doc. 130).

[2] The Court notes that Mr. Pelli's application lists that he is a member in good standing of the bar of the United States District Court, Central District of California. His listing with that Court reflects a California address and an "active" California bar number. The State Bar of California, however, lists Mr. Pelli's status as "not eligible to practice law" since 2005. *See* http://members.calbar.ca.gov/fal/Member/Detail/160319. According to the Local Rules of that Court, "Admission to *and continuing membership in* the Bar of this Court are limited to persons of good moral character who are active members in good standing of the State Bar of California." L.R. 83-2.1.2.1, Central District of California. (Emphasis added).

Plaintiff filed three discovery motions on February 6, 2014 (Docs. 34-36). Defendants, through Mr. Pelli, filed a response (Doc. 37), which contained improper material and was not in proper form. On February 13, 2014, the Court issued an Order to Strike, noting that Mr. Pelli filed a brief that was difficult to read and appeared to be improperly scanned, in violation of the Court's CMECF Administrative Procedures (Doc. 38). Mr. Pelli also filed an entire unredacted deposition, in violation of the local rules. *Id.* Defendants were ordered to refile their response, using either an appropriate scanner or a PDF application. *Id.*

No response was forthcoming within the time period for filing a response to the discovery motions, so the Court issued a second Order, on February 24, 2014, which provided: "To the extent Defendants wish the Court to consider any response, it must be filed, in legible and proper format, no later than February 25, 2014" (Doc. 40). In response, an unsigned Letter was filed (Doc. 41). The Court found that the Letter violated numerous Federal and Local Rules as it was unsigned and not in proper form (single spaced, missing the case style, lacking certificate of service, etc. – see Rule 7(b)(2), Fed. R. Civ. P. and L.R. 1.05), and failed to comply with the certification requirement of L.R. 3.01(g). More importantly, the Court noted that Local Rule 3.01(f) provides that applications for relief "shall not be addressed or presented to the Court in the form of a letter or the like." The Letter was therefore stricken (Doc. 42). In striking the Letter, the Court noted that Mr. Pelli was appearing *pro hac vice* in this matter, and:

> As a condition of such appearance, Mr. Pelli has certified that he is familiar with the Local Rules. See Doc. 7-1. The recent filings belie such familiarity. Counsel is advised that continued filings which fail to comply with the local rules will give the Court reason to consider revocation of the special appearance.

(Doc. 42).

Despite this warning, counsel continued to stumble. The Court noted that Defendants' Motion for Extension of Time to Complete Discovery did not comply with the requirements of the Court's

-3-

Scheduling Order, and the motion's compliance with Local Rule 3.01(g) was "inadequate." (Doc. 55). In denying the motion on the merits, the Court detailed the missteps of counsel, concluding that: "The bottom line here is that *Defendants* failed to properly comply with the Notice provisions of Rule 45 in issuing the original subpoenas; failed to timely and properly respond to the original motions to quash, causing delay; and failed to promptly pursue this line of discovery so that it would be accomplished during the sixth month time period allotted." (Doc. 55, p. 4).

On July 28, 2014, the Court again denied a motion filed by Mr. Pelli, for failure to comply with Local Rule 3.01(g) (Doc. 84). Even after counsel appeared on Mr. Pelli's behalf, the Court continued to have difficulties relating to Mr. Pelli's conduct. *See* Doc. 97. Viewed collectively, the Court finds Mr. Pelli's presence as counsel in this matter has not aided the orderly administration of justice.

At present, the jury trial has ended and post-trial motions are pending. As noted, both Defendants have counsel and there is no suggestion that the remaining legal work requires additional counsel to conclude. While the Court is aware of the liberal admission standards in this Circuit for *pre-trial* motions for *pro hac vice* admission, *see Schlumberger Tech., Inc. v. Wiley*, 113 F.3d 1553 (11th Cir.1997), this is not a pre-trial motion, and the Court does not find that the conduct here amounts to an ethical violation, requiring notice and a hearing. Rather, the Court finds that the conduct illustrated above is "disruptive of the proceedings." *See In re BellSouth Corp., supra* (explaining *Schlumberger*). In this unique situation, the Court finds it within its authority to deny special admission for the remaining matters in this case. *See Kampitch v. Lach*, 405 F. Supp. 2d 210, 218 (D.R.I. 2005) ("when forewarned with a substantial amount of evidence that an attorney is likely to hinder the litigation process, a court should not and cannot be forced to grant a pro hac vice application of that attorney" - internal citations omitted).

**DONE** and **ORDERED** in Orlando, Florida on November 26, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record