UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIKE WOODS,**

        **Plaintiff,**

v.                                             **Case No: 6:13-cv-726-Orl-41DAB**

**ON BALDWIN POND, LLC and
DANIEL PELLI,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Renewed Motion for Attorney's Fees (Doc. 153); Defendants' Motion for Attorney's Fees (Doc. 154); and Plaintiff's Motion for Leave to File a Reply (Doc. 157). United States Magistrate Judge David A. Baker issued a Report and Recommendation ("R&R," Doc. 160), recommending that all of the motions be denied. Plaintiff objected to the R&R (Doc. 161), while Defendants requested that the Court adopt the R&R and deny both parties' motions for attorney's fees and costs, (Resp. to Pl.'s Obj., Doc. 162, at 2). As set forth below, the Court agrees entirely with the findings of fact and conclusions of law in the R&R and will deny all of the above-referenced motions.

**I.    BACKGROUND**

The protracted history of this case, spanning the previous three years, was thoroughly described in the R&R and does not need repeating here. Briefly, Defendants are an apartment complex and its owner, and Plaintiff is a former maintenance employee of Defendants. This case proceeded to trial on Plaintiff's minimum wage and overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and on Defendants' counterclaim for fraudulent

inducement. The jury found in favor of Plaintiff on his minimum wage claim, determining that Defendants willfully failed to pay Plaintiff for his last few days of work; the jury found in favor of Defendants on Plaintiff's overtime claim and on Defendants' counterclaim, determining that Plaintiff, who lived at Defendants' apartment complex, committed fraud in obtaining an employee reduced-rate rental agreement by failing to notify Defendants that he had obtained alternate employment and would be leaving Defendants' employ. Both Defendants and Plaintiff consider themselves to be the "prevailing party" in this matter.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall conduct a *de novo* review of any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

The Court begins by noting that it agrees entirely with the sound analysis set forth in the R&R, which is incorporated herein by reference. Nevertheless, because Plaintiff's objections require this Court to review the objected-to portions of the R&R *de novo*, the Court will elaborate on why Judge Baker's analysis is correct.

### A.    Plaintiff's Motion for Attorney's Fees

The FLSA provides that, where a plaintiff prevails on a claim for unpaid overtime or minimum wages, the district court "shall, in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

29 U.S.C. § 216(b). Under any commonsense understanding of the English language, Plaintiff was not the "prevailing party."[1]

Plaintiff walked away from this litigation *owing* Defendants money. While Plaintiff obtained a nominal judgment in his favor for $720.00,[2] (J. in favor of Pl., Doc. 138), Defendants obtained a judgment against Plaintiff for $2000.06—nearly triple Plaintiff's damages, (J. in favor of Defs., Doc. 139). Accordingly, at this stage, Plaintiff owes Defendants $1280.06. In light of this fact, the Court is quite simply baffled by Plaintiff's counsel's claim that the results obtained for his client were "exceptional" and "could not have been better." (Pl.'s Renewed Mot. for Attorney's Fees at 5, 12).

Regardless, even if Plaintiff could be considered a prevailing party, the Court agrees with Judge Baker that he is not entitled to a fee award. Generally, an award of a reasonable fee to a prevailing plaintiff under the FLSA is mandatory. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). What fee is reasonable, however, is a matter within the sound discretion of the trial judge. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1304 (11th

---

[1] Although § 216 does not directly use the "prevailing party" language, that standard has been utilized by the Eleventh Circuit with regard to an award of attorney's fees under the FLSA. *See, e.g.*, *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793–95 (11th Cir. 2013); *Mayer v. Wall St. Equity Grp.*, 514 F. App'x 929, 933–35 (11th Cir. 2013); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1203–05 (11th Cir. 2012).

[2] Plaintiff's counsel's representation that this judgment was "in excess of one hundred . . . percent of the amount claimed due and owing to Plaintiff for his unpaid minimum wages, including 100% of the unpaid wages and 100% of the liquidated damages," (Pl.'s Renewed Mot. for Attorney's Fees at 4–5), is flatly disingenuous. Specifically, Plaintiff claimed he was owed minimum wages for his entire final week of pay, amounting to $600. (Compl., Doc. 1, ¶¶ 32, 46–50; Pl.'s Answers to Interrogs., Doc. 19-1, ¶ 7 (including $600 for "last paycheck" in damages calculation); Am. Answers to Interrogs., Doc. 30-1, ¶ 7 (same)). The jury returned a verdict with regard to the minimum wage claim for $360.00, (Verdict, Doc. 120, at 1); plainly, the jury did not award Plaintiff "one hundred percent" of the amount Plaintiff claimed he was owed for his unpaid minimum wages.

Cir. 1988); *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980).[3] In that vein, there are special circumstances where "a reasonable fee and cost award [is] zero." *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009).

In *Sahyers*, plaintiff's counsel acted irresponsibly by acceding to the whims of his client while forgetting his duties as an officer of the Court. *Id.* at 1245–46. In doing so, the *Sahyers* counsel made absolutely no effort to amicably resolve the issue without litigation, and he filed suit without even contacting the defendant law firm. *Id.* Similarly, the court in *Goss v. Killian Oaks House of Learning* admonished plaintiff's counsel for "continuously employ[ing] a strategy of delay and obfuscation" in an effort "to 'churn' the file and extract as much attorney's fees as possible from what was at best, a modest claim not deserving of the many hours of work." 248 F. Supp. 2d 1162, 1168–69 (S.D. Fla. 2003).

Plaintiff asserts that *Sahyers* and *Goss* are distinguishable because this case was not frivolous, citing only the fact that Plaintiff was awarded damages on his minimum wage claim. While Plaintiff's minimum wage claim was obviously not a frivolous claim, counsel, as he does throughout his argument, proceeds as though the minimum wage claim were the only claim brought in this litigation. Counsel cannot simply ignore reality. Indeed, if Plaintiff had only brought his minimum wage claim, given the minuscule damages at issue and Defendants' willingness to pay $2200.00 to avoid litigating this case, (Offer of Settlement, Doc. 154-1, at 5), it would have undoubtedly been settled prior to trial, and likely prior to even filing suit (had Plaintiff's counsel contacted Defendants prior to filing suit, that is). Instead, Plaintiff insisted on proceeding with his baseless overtime claim, resulting in protracted litigation.

---

[3] The Fifth Circuit decided *King* prior to October 1, 1981. Therefore, the decision is binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Moreover, *Sahyers* and *Goss* focused primarily on the behavior of the plaintiffs' counsel, not the frivoloity of the claims. In that sense, *Sahyers* and *Goss* are directly on point. Indeed, Plaintiff's counsel's behavior in this case was, and continues to be, more egregious than that of the *Sahyers* counsel and at least equivalent to that of the *Goss* counsel.

Most concerning to the Court is the fact that the entire overtime claim asserted by Plaintiff appears to have been largely concocted by Plaintiff's counsel. During trial it came to light that Plaintiff had absolutely no knowledge of any facts that would give rise to an overtime claim. Plaintiff was only able to testify that, as an apartment complex maintenance worker, he was, at times, required to be at work during evening and weekend hours. Plaintiff was even impeached by his own Complaint and sworn interrogatories, the contents of which he obviously had no knowledge. This was supported by the fact that, at his deposition, Plaintiff could not testify as to how many hours of overtime he worked, or even give a rough estimate of such hours, without referring to the answers to interrogatories prepared by his counsel. Plaintiff's lack of knowledge of his own claim went beyond a mere lack of sophistication or an inability to understand legal concepts. Plaintiff clearly had no idea how many hours he was required to work or whether he even worked overtime.

Moreover, when Plaintiff was asked questions at trial that should have been part of Plaintiff's counsel's pre-suit investigation—such as whether Plaintiff took vacation or called in sick—Plaintiff admitted there were many weeks where he worked less than forty hours. Nevertheless, a reduction for such weeks was not included in Plaintiff's demand. Counsel either failed to engage in the most basic investigation of Plaintiff's claims or failed to alter the overtime claim to reflect Plaintiff's admitted deductions. Either option constitutes an egregious error on counsel's behalf.

With regard to the specific facts in *Sahyers*, there are remarkable similarities to this case. As in *Sahyers*, Plaintiff filed suit here without providing notice to Defendants and without making any attempt to resolve the issue pre-suit. Plaintiff's counsel asserts that *Sahyers* is distinguishable because, inter alia, "Defendants-employers are not law firms but rather an apartment complex and its owner." (Pl.'s Obj. to R&R, Doc. 161, at 12). The Court is astounded by this blatant, gross misrepresentation. Specifically, Defendant Pelli, the owner of the apartment complex, *is an attorney*. To the extent that the plaintiff's counsel in *Sahyers* was admonished for failing to provide the most basic professional courtesy to a fellow member of the bar, such considerations are no less applicable here because Pelli is an attorney rather than a law firm. The Court can only assume that Plaintiff's counsel's misrepresentation was intentional as counsel is well aware of Pelli's status as an attorney. Indeed, Pelli appeared *pro hac vice* in this case, (Mot. Appear Pro Hac Vice, Doc. 7; June 4, 2013 Endorsed Order, Doc. 11), and Plaintiff's counsel has included a line-item in his attorney's fee request for reviewing the Order granting Pelli's motion to appear, (Frisch Time R., Doc. 153-1, at 11).

Additionally, while the facts of this case are somewhat different than those in *Goss*, Plaintiff's counsel's request for an award of attorney's fees reveals a similar "strategy of 'shaking down' Defendants." *Goss*, 248 F. Supp. 2d at 1169. As an initial matter, Plaintiff's counsel asserts that, up to the time of filing the Renewed Motion for Attorney's Fees, the litigation has incurred $96,057.50 in attorney's fees and $12,368.51 in costs. (Pl.'s Renewed Mot. for Attorney's Fees at 9). Counsel then summarily asserts that because Plaintiff prevailed on one of his two claims, he is entitled to half of his fees and all of his costs, arguing that Plaintiff's minimum wage and overtime claims were "so intertwined that time spent on his overtime claims was necessarily time also spent on the minimum wage claim." (*Id.* at 9 n.1, 12). This assertion is flatly untrue. Other than the fact

that the claims were against the same employer, Plaintiff's minimum wage claim and his overtime claim were completely unrelated.[4] Plaintiff's minimum wage claim was for Plaintiff's final week of work; Plaintiff's overtime claim expressly exempted his final week of work. The two claims do not overlap in timeframe or substance, and evidence as to one claim was irrelevant as to the other.

Moreover, the record establishes that Plaintiff's counsel spent almost no time on the minimum wage claim prior to trial. Indeed, after the initial pleadings, Plaintiff's counsel all but abandoned the minimum wage claim. While the claim was mentioned in Plaintiff's first and second Answers to Court Interrogatories, when Plaintiff filed his third amended Answers to Court Interrogatories, the minimum wage claim was no longer included. (*Compare* Pl.'s Answers to Interrogs., Doc. 19-1, ¶ 7, *and* Am. Answers to Interrogs., Doc. 30-1, ¶ 7, *with* Second Am. Answers to Interrogs., Doc. 51-1, ¶ 7). Additionally, as noted previously by this Court, despite the fact that Defendants moved for summary judgment with regard to Plaintiff's minimum wage claim, "Plaintiff did not address the claim in his Response, nor did he move for summary judgment on the claim." (Sept. 19, 2014 Order, Doc. 88, at 6). In fact, in Plaintiff's initial Response to Defendants' Objections to the Report and Recommendation addressing the cross motions for summary judgment, Plaintiff consented to the dismissal of his minimum wage claim. (Pl.'s Resp. to Defs.' Obj., Doc. 78, at 1 n.1) ("Plaintiff does not oppose Defendants' requested relief as it pertains to the requested dismissal of Plaintiff's final paycheck claim."). A week later, presumably after Plaintiff located an email in his possession that he believed supported his minimum wage claim, Plaintiff withdrew his consent to the dismissal of that claim. (Am. Resp. to Defs.' Obj., Doc. 81, at 1 n.1; *see also* Jan. 19–20, 2013 E-mail Chain, Doc. 81-1). Nevertheless, despite the

---

[4] Notably, the parties did not dispute that Plaintiff was employed by Defendants and that Defendants were covered by the FLSA. Thus, Plaintiff's counsel was not required to spend time and effort establishing the preliminary issues that may have applied to both claims.

fact that it is obvious Plaintiff's counsel did minimal, if any, work on Plaintiff's minimum wage claim prior to trial, he has the temerity to assert he should be compensated for over ninety hours[5] of attorney and paralegal time prior to trial. While, as explained herein, the Court has determined that Plaintiff is not entitled to any fee, the gross over-calculation of claimed fees raises additional concerns over Plaintiff's counsel's conduct in this matter.

In addition, Plaintiff summarily claims that he should be compensated for the time he spent defending Defendants' counterclaim because it was inextricably intertwined with Plaintiff's minimum wage claim. Defendants' counterclaim was wholly unrelated to Plaintiff's claims. Plaintiff's claims involved the hours Plaintiff worked and his compensation. Defendants' counterclaim involved the circumstances surrounding the renewal of Plaintiff's reduced-rate rental lease. The only overlapping fact was the fact that Plaintiff was employed by Defendants—which was not disputed. Moreover, Plaintiff lost on Defendants' counterclaim. The jury determined that Plaintiff committed fraud in procuring the reduced-rate lease. Plaintiff's attempt to collect fees incurred in defending the counterclaim is unconscionable.

Finally, Plaintiff points to the language in *Sahyers* cautioning district courts from "inferring too much from" the decision, 560 F.3d at 1246, indicating that the award of zero fees in an FLSA case should only be done in rare circumstances. The Court proceeds here with great caution in determining that Plaintiff's counsel's behavior in this case simply cannot be rewarded. The Court finds that this instance fits into the narrow category of cases where a reasonable fee award is no fee award.

B.   **Defendants' Motion for Attorney's Fees**

---

[5] The Court added together all of the time claimed up to and including July 7, 2014, when Plaintiff filed its first Response to Defendants' Objections, and divided that time in half.

As noted, Defendants do not object to the analysis set forth in the R&R regarding their Motion for Attorney's Fees. Accordingly, for the reasons set forth in the R&R, Defendants' motion will be denied.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 160) is **ADOPTED** and **CONFIRMED** and made part of this Order.

2. Plaintiff's Renewed Motion for Attorney's Fees (Doc. 153) is **DENIED**.

3. Defendants' Motion for Attorney's Fees (Doc. 154) is **DENIED**.

4. Plaintiff's Motion for Leave to File a Reply (Doc. 157) is **DENIED**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 16, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record